UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| Julio Camps and Miriam Campos, | No. 2:24-cv-01317-KJM-DB |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| Dyck O'Neal, Inc., et al., | |
| Defendants. | |

Plaintiffs Julio Campos and Miriam Campos apply ex parte for a temporary restraining order barring a foreclosure sale of real property in Turlock, California. For the reasons in this order, the ex parte application is **granted, and a hearing on a motion for a preliminary injunction is set for 10:00 a.m. on August 2, 2022**.

The court incorporates by reference the history of this case from its prior order granting plaintiffs' first ex parte application for a temporary restraining order ("TRO"). *See* Order (May 10, 2024), ECF No. 10. After the court granted the first TRO, plaintiffs explain "Defendant's counsel contacted Plaintiff's counsel and informed them that the Trustee's Sale would be postponed," which led to "Plaintiff's counsel withdr[awing] the Ex Parte Application . . . and dissolv[ing] the TRO." *See* TRO Appl. at 1, ECF No. 141. However, the foreclosure sale of plaintiffs' home is now scheduled for 1:00 p.m. on July 19, 2024. *See* Brewer Decl. ¶ 5(a). Plaintiffs filed their renewed ex parte application on July 11, 2024, *see generally* TRO Appl., and

1

defendant has filed an opposition, *see generally* Opp'n, ECF No. 15. Other than defendant's no longer pausing the foreclosure sale, the record discloses no material differences affecting the court's resolution of plaintiffs' request for a temporary restraining order.

The court incorporates by reference the legal standard and discussion from the court's order on the first TRO application. *See* Order (May 10, 2024) at 2–6. For the reasons explained in the court's prior order, the court finds the record entitles plaintiffs to a temporary restraining order under the "sliding scale" test of *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The court has considered the defendant's opposition but finds serious questions about defendant's liability remain to be resolved, with respect to plaintiffs' unfair competition claim at least. The balance of hardships also weighs sharply in favor of granting an injunction. Delaying the sale a few weeks more is warranted, given the harm to plaintiffs of a permanent loss of their primary residence. *See, e.g., Alvarez v. Wells Fargo Bank, N.A.*, No. 15-00943, 2019 WL 4734757, at *4 (E.D. Cal. Sept. 27, 2019) ("The hardship of an additional delay to allow further briefing . . . pales in comparison to the possibility that Plaintiff could wrongfully lose his home.").

Defendant and its agents are **enjoined** by this temporary restraining order from conducting a trustee sale of plaintiffs' residence at 2495 Paseo Del Sol, Turlock, CA 95382. The temporary restraining order granted here shall expire at **5:00 p.m. on August 2, 2024**, absent further order of this court.

A hearing on a motion for a preliminary injunction is set for **10:00 a.m. on August 2, 2024, in Courtroom 3** before of the undersigned. Plaintiffs' optional reply must be filed by July 26, 2024.

This order resolves ECF No. 14.

IT IS SO ORDERED.

DATE: July 19, 2024.

CHIEF UNITED STATES DISTRICT JUDGE